UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| MARK CHRISTOPHER BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 20-1278-JDT-cgc |
| ) | |
| NURSE BOBBETT, ET AL., ) | |
| ) | |
| Defendants. ) | |

ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND

On December 21, 2020, Plaintiff Mark Christopher Brown, who is incarcerated at the Whiteville Correctional Facility (WCF) in Whiteville, Tennessee, filed a *pro se* complaint under 42 U.S.C. § 1983. (ECF No. 1.) After Brown filed a proper motion to proceed *in forma pauperis*, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to 28 U.S.C. §§ 1915(a)-(b). (ECF No. 6.) The Clerk shall record the Defendants as First Name Unknown (FNU) Bobbett, a Nurse at the WCF, and Ms. FNU Gray, the WCF librarian.[1]

The complaint arises from an incident that occurred at the WCF on November 15, 2020. Brown alleges that during "pill-pass" that evening Defendant Bobbett "shut the pod door without any warning while my hand was on the doorjam[b] severing the tip of my index finger on my right hand[,] requiring a trip to the outside hospital where it was determined the tip could not be saved." (ECF No. 1 at PageID 1.)

---

[1] It is not entirely clear that Brown intends to sue Gray, the librarian. He does, however, refer to "et al." in the case caption, and Gray is the only other person identified in the complaint.

The complaint also alleges that on December 2, 2020, Brown asked Defendant Gray to help him with a "1983 packet and notary service" but she stated she could not help him. (*Id.*) He states he is using a "jailhouse attorney" to help him file this case. (*Id.*)

Brown seeks compensatory and punitive damages, lifetime medical benefits, and payment of all fees. (*Id.* at PageID 2.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint —

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards of Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts a plaintiff's "well-pleaded" factual allegations as true and then determines whether the allegations "'plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Brown filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Any claims brought against the WCF Defendants in their official capacities are treated as claims against their employer, CoreCivic, which manages the WCF.[2] However, Brown fails to state a claim against CoreCivic. "A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55

---

[2] *See* www.tn.gov/correction/sp/state-prison-list/whiteville-correctional-facility.html ("Whiteville Correctional Facility . . . is managed by CoreCivic, a private corrections management firm.").

F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)). The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons or that provide medical care or food services to prisoners. *Id.* at 748-49; *Street*, 102 F.3d at 817-18; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001); *see also Eads v. State of Tenn.*, No. 1:18-cv-00042, 2018 WL 4283030, at *9 (M.D. Tenn. Sept. 7, 2018). CoreCivic "cannot be held liable under a theory of respondeat superior." *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011). To prevail on a § 1983 claim against CoreCivic, Brown again must show that the alleged deprivation of his rights was due to a policy or custom of the company. *Id.* Brown, however, does not allege that his injuries are the result of an unconstitutional policy or custom of CoreCivic. He therefore fails to state a claim against the WCF Defendants in their official capacities.

The Court construes Brown's allegation that Defendant Bobbett's actions caused him injury as an attempt to assert a claim under the Eighth Amendment, which prohibits cruel and unusual punishments. *See generally Wilson v. Seiter*, 501 U.S. 294 (1991). This proscription encompasses an inmate's right to personal safety. *See Walker v. Mintzes*, 771 F.2d 920, 926 (6th Cir. 1985). An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The objective component requires that the deprivation be "sufficiently serious." *Id.* A prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm," *id.*; *see also Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005), or that he has been deprived of the "minimal civilized measure of life's necessities," *Wilson*, 501 U.S. at 298 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)); *see also Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004).

The subjective component requires that jail officials acted with requisite intent, that is, that he had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson*, 501 U.S. at 297, 302-03. A plaintiff must show that the prison officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 303; *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *see also Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. To be liable under the Eighth Amendment, a prison official must subjectively know of an excessive risk of harm to an inmate's health or safety and disregard that risk. *Id*. at 837.

Brown's allegations fail to meet the subjective prong of an Eighth Amendment claim. It cannot be plausibly inferred from the complaint that Defendant Bobbett acted with deliberate indifference. There are no factual allegations suggesting that Bobbett purposefully closed the door on Brown's hand. Brown also does not allege Bobbett knew of, yet disregarded, an excessive risk that Brown might get his hand caught in the door. Instead, closing the pod door without first checking to be sure nothing or no one was in the way suggests, at most, that Bobbett may have acted negligently. Negligence is not actionable under § 1983. *See Farmer*, 511 U.S. at 835-36; *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976) (negligence cannot support a claim of deliberate indifference). Brown therefore does not state an Eighth Amendment claim against Defendant Bobbett.

Brown's allegation that Defendant Gray refused to assist him in preparing his complaint will be construed as an access-to-courts claim under the First Amendment.

Prisoners have a constitutional right of access to the courts. *Bounds v. Smith,* 430 U.S. 817, 821 (1977). This fundamental constitutional right, which is "partially grounded in the First

Amendment's protection of the right to 'petition the Government for a redress of grievances,'" *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc) (quoting U.S. Const. amend. I), "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds*, 430 U.S. at 828; *see also Thaddeus-X*, 175 F.3d at 395-96 (a prisoner may have a constitutional right to an inmate legal advisor if necessary to vindicate his right of access to the courts). However, an inmate does not have "an abstract, freestanding right to a law library or legal assistance. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). The touchstone is the *meaningful* access to the courts. *Bounds*, 430 U.S. at 823 (emphasis added).

To have standing to pursue a claim of interference with access to courts, an inmate must allege "actual injury." *Lewis*, 518 U.S. at 349. That is, the prisoner must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." *Id.* at 353. *See also Sampson v. Garrett*, 917 F.3d 880, 881 (6th Cir. 2019) (a plaintiff must "show that the defendants have scuttled his pursuit of a 'nonfrivolous, arguable' claim"); *Rodgers v. Hawley*, 14 F. App'x 403, 409 (6th Cir. 2001) (a prisoner must show that "prison officials' conduct . . . hindered his efforts to pursue a nonfrivolous legal claim"); *Hadix v. Johnson*, 182 F.3d 400, 405-06 (6th Cir. 1999) (explaining how *Lewis* altered the "actual injury" requirement previously articulated by the Sixth Circuit). "Actual injury" can be demonstrated by "the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Brown's allegation that Defendant Gray would not help him with his § 1983 complaint does not satisfy this standard. Brown was, in fact, able to file the complaint and present his claim

6

to the Court after receiving help from a jailhouse lawyer. He thus has no valid First Amendment claim that he was denied access to the courts.

For the foregoing reasons, Brown's complaint is subject to dismissal for failure to state a claim.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court concludes that Brown should be given the opportunity to amend his complaint.

Brown has also requested appointment of counsel to represent him, asserting he has a mental health disability and no training in the law. (ECF No. 1 at PageID 1.) Pursuant to 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel." However, "[t]he appointment of counsel in a civil proceeding is not a constitutional right." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *see also Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[T]he plaintiffs were not entitled to have counsel appointed because this is a civil lawsuit"); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (no constitutional right to counsel in a civil case); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993) ("There is no constitutional or ... statutory right to counsel in federal civil cases....").

Appointment of counsel is "a privilege that is justified only by exceptional circumstances." *Lavado*, 992 F.2d at 606 (internal quotation marks and citation omitted).

At this stage of the proceeding, the Court has not yet determined that this case should go forward, and Brown has not satisfied his burden of demonstrating that the Court should exercise its discretion to appoint counsel. His request for appointed counsel will be denied at this time.

In conclusion, the Court DISMISSES Brown's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend, however, is GRANTED. The request for appointment of counsel is DENIED.

Any amended complaint must be filed within twenty-one days after the date of this order, on or before **February 24, 2021**. Brown is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the prior pleading. The amended complaint must be signed, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Each claim for relief must be stated in a separate count and must identify each Defendant sued in that count. If Brown fails to file an amended complaint within the time specified, the Court will dismiss this case with prejudice in its entirety, assess a strike pursuant to 28 U.S.C. § 1915(g), and enter judgment.

IT IS SO ORDERED.

                                       s/ **James D. Todd**
                                       JAMES D. TODD
                                       UNITED STATES DISTRICT JUDGE