UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| MARK CHRISTOPHER BROWN, )<br>)<br>Plaintiff, )<br>)<br>VS. )<br>)<br>NURSE BOBBETT and MS. GRAY, )<br>)<br>Defendants. )<br>) | No. 20-1278-JDT-cgc |

ORDER ON AMENDED COMPLAINT

The Court dismissed Mark Christopher Brown's *pro se* prisoner complaint on February 3, 2021, but granted leave to file an amended complaint within 21 days, on or before February 24, 2021. (ECF No. 7.) Brown was warned that if he did not file a timely amendment, the case would be dismissed in its entirety. (*Id.* at PageID 31.) When he failed to do so, the Court dismissed the case on March 15, 2021, and entered judgment. (ECF Nos. 9 & 11.) That same day, however, between entry of the order of dismissal and entry of the judgment, the Clerk received and docketed Brown's amended complaint. (ECF No. 10.) For the reasons set out below, the amendment will not be considered.

First, the amended complaint was not signed until March 3, 2021, and the envelope in which it was mailed is postmarked March 11, 2021.[1] Even under the "mailbox" rule of *Houston*

---

[1] The date of the complaint is given as "this 13rd day of March 2021." (ECF No. 10 at PageID 50.) Given the postmark of March 11th, the Court presumes "13rd" is a typographical error and that it was signed on March 3rd.

*v. Lack*, 487 U.S. 266 (1988), the amendment is therefore untimely.  Brown did not seek any extension of time before the 21-day period of time expired.

Moreover, the amended complaint was not signed by Brown himself.  It was signed by another individual on Brown's behalf as "POA" or power of attorney.  (ECF No. 10 at PageID 50.)² The Court has not been provided with a copy of any power of attorney executed by Brown.  Even if a copy of the authorizing document had been provided, however, there is no indication the person appointed is a licensed attorney.  No notice of appearance by counsel has been made in this case.

Twenty-eight U.S.C. § 1654 provides:  "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ."  Thus, a litigant in federal court must act either *pro se* or through counsel.  A non-lawyer may not represent another non-lawyer in connection with a matter pending in federal court.  This is so even if such representation is purportedly authorized by a power of attorney or other agreement.  *See Ohio Nat'l Life Assurance Corp. v. Langkau*, No. 2007 WL 1951500, *1 (M.D. Fla. July 2, 2007) (non-lawyer may not represent an otherwise *pro se* litigant, even through a power of attorney); *DePonceau v. Pataki*, 315 F. Supp. 2d 338, 341 (W.D.N.Y. 2004) (power of attorney may not be used to evade prohibition against unauthorized practice of law); *Lutz v. Lavelle*, 809 F. Supp. 323, 325 (M.D. Pa. 1991) (party may not contract with a non-lawyer to represent him in legal proceedings in federal court); *see also Kapp v. Booker*, No. 05-402-JMH, 2006 WL 385306, at *3 (E.D. Ky. Feb. 16, 2006) (power of attorney gives wife legal standing to assert her husband's claims on his behalf,

---

² This individual's first name and middle initial are "Kevin C.," but the last name is not legible.

but "does not authorize her to practice law by representing [him] in a lawsuit: that must still be done by a licensed attorney.").

Accordingly, although Brown may have given another individual a power of attorney authorizing him to assert claims on Brown's behalf, if that individual is not a licensed attorney he may not sign court documents for Brown or formally represent Brown in any way in federal court. Instead, the authorized person must proceed through a licensed attorney.

Because the amended complaint was untimely and also because it was not signed by Brown or by licensed counsel on his behalf, it will not be considered.

IT IS SO ORDERED.

                                         s/ **James D. Todd**
                                         JAMES D. TODD
                                         UNITED STATES DISTRICT JUDGE